## OTTO H. URBANNECK v. PENNSYLVANIA RAILROAD COMPANY.

Submitted December 11, 1906—Decided February 25, 1907.

The shipper of a turntable agreed to load the same upon defendant's car. While the plaintiff, a servant of the shipper, was securing the turntable in position upon the car, a servant of the defendant negligently permitted a hook, which attached a derrick to the turntable and held the latter temporarily in position, to become unhooked, by reason of which the plaintiff was injured. *Held,* that the railroad company was liable.

On appeal from the Hoboken District Court.

Before Justices FORT, PITNEY and REED.

For the defendant and plaintiff in error, *Vredenburgh, Wall & Van Winkle.*

For the plaintiff and defendant in error, *Weller & Lichtenstein.*

The opinion of the court was delivered by

REED, J. This is an appeal from the Hoboken District Court. The case was tried before the court without a jury, and judgment was rendered for the plaintiff; from the rather confused testimony the following facts seem to be exhibited: The plaintiff was employed by Focht & Company as a sheet iron worker and boiler maker. On May 5th, 1906, the plaintiff, with two other servants of Focht & Company, accompanied a turntable made by Fotch & Company to the yard of the Pennsylvania railroad at Jersey City for the purpose of shipping the turntable by that railroad to Red Bank. When they arrived a standing derrick was attached to the turntable by two iron clamps, brought by the plaintiff and his assistants, and screwed into the turntable. There was no car

immediately at hand, and the turntable was hoisted by the derrick and left swinging in the air until a car was drilled under the suspended table. The table was round, and was twelve feet in diameter. The car was eight feet in width, with sides three to six feet high. The turntable was lowered onto the car, and one side of the turntable, as one witness states, was lying on the side of the car. By other witnesses it appears to have been supported by the derrick. In either case, it appears that the turntable was held in position by the derrick, and the plaintiff and his assistants took a brace, which the plaintiff had made and which he had brought with him, and attempted to put it under the table for the purpose of supporting it in a position in which it could safely ride. The plaintiff then endeavored to fasten the turntable to the brace. Two holes had been bored for that purpose, but they could not be made available, so it was proposed, by driving nails, to keep the table in place until they could bore new holes. While they were working at this, the hook which held the table partly suspended in position was permitted to become detached by a servant of the railroad company, and the turntable fell and struck the plaintiff in the chest, inflicting an injury.

There is evidence, as already remarked, that Focht & Company were to do the loading. There is evidence that defendant's servants were operating the derrick. There is evidence that one of those servants unloosed the hook, by which the support of the table was removed, and we think that in the circumstances there was no legal error in the finding of the trial judge that this was negligence imputable to the defendant.

The judgment is affirmed.